Filed 3/16/23  In re A.B. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | B322514 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. K.B., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP04094A) |


APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tempore. Conditionally reversed with directions.

Elizabeth A. Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, and Melania Vartanian, Deputy County Counsel, for Plaintiff and Respondent.

———————————

Mother appeals from the order terminating parental rights under Welfare and Institutions Code section 366.26[1] as to A.B. (minor). Mother's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).

We conditionally reverse and remand the matter solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

Our summary is limited to the facts and procedure relevant to mother's claim that the Department's ICWA inquiry efforts were inadequate. Shortly after minor's birth, the Department filed and the court sustained a petition alleging minor was a child described by section 300, subdivision (b)(1) based on mother's substance abuse and father's failure to protect.[2] Both parents filed ICWA-20 forms denying any Indian ancestry, and the court found ICWA inapplicable.

———————————

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Father is not a party to this appeal.

2

During the dependency proceedings, the Department had either contact with or information about a number of extended relatives, including maternal grandmother and maternal uncle. However, there is no evidence in the record that the relatives were ever asked about possible Indian ancestry.

At a combined section 388 and section 366.26 hearing in August 2022, the court denied mother's petition under section 388, and terminated parental rights as to minor under section 366.26.

Mother filed a notice of appeal challenging the court's order entered at the August 2022 combined section 388 and section 366.26 hearing.

## DISCUSSION

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021)

70 Cal.App.5th 735, 741–742.)  State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child."  (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see *Benjamin M.*, at p. 741.)  Initial inquiry also includes requiring each party to complete the parental notification of Indian status (ICWA-020) form.  (Cal. Rules of Court, rule 5.481(a)(2)(C).)

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child."  (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).)  Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent."  (25 C.F.R. § 23.2 (2017).)  When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is also required.  (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.)  "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence."  (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case and asks us to either conditionally affirm or reverse the juvenile court's order terminating dependency jurisdiction with

4

instructions limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as there is no evidence in the record that the Department asked available extended family members about the possibility that minor has Indian ancestry. (See, e.g., *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry]; *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741 [court must ask each participant in child custody proceeding].)

## DISPOSITION

The juvenile court's August 2, 2022 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. The court shall also order the Department to make reasonable efforts to interview available extended relatives, including maternal grandmother and maternal uncle about the possibility that minor has Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating dependency jurisdiction is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


KIM, J.

6

In re A.B.
B322514


BAKER, Acting P. J., Dissenting



I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act (ICWA) does not apply.  (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).)



BAKER, Acting P. J.